UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLSTATE INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                    **CASE NO. 8:08-CV-2253-T-33EAJ**

**ROBERT M. LEVESQUE, et al.,**

    **Defendants.**

    _____/

## ORDER

Before the court are Defendant's **Motion to Compel Production as to Defendant's Third Request to Produce** (Dkt. 87) and Plaintiff's **Response in Opposition to Defendant's Motion to Compel** (Dkt. 116).

In November 2009, Defendant Andrew's Florist on 4th Street, Inc. ("Andrew's Florist") served its Third Request to Produce Documents upon Plaintiff Allstate Insurance Company ("Allstate"). Defendant's Request No. 1 seeks any and all manuals, policies, procedures, or handbooks regarding the drafting and serving of reservation of rights to its insured and the procedures for defending cases under reservations of rights. Allstate objected to the request based on relevancy, work product privilege, and disclosure of trade secrets. Allstate also objected to the request as overly broad, vague, and unduly burdensome.

In its motion to compel, Defendant asserts that Allstate's general policies and procedures regarding its claims handling under a reservation of rights are relevant to Defendant's claim of an adequate defense. Defendant contends the claims handling materials were created in the ordinary course of business and are not work product. Defendant also argues that because Defendant is not

1

a competitor of Allstate, the requested documents do not constitute trade secrets. To protect any confidential information, Defendant agrees to sign a confidentiality agreement and non-disclosure agreement. Defendant also narrowed its document request to the period of 2004 through 2008 (from the date of the underlying June 11, 2004 accident to the date of the entry of the consent judgment on September 19, 2008).

In response, Allstate argues that a determination of coverage under the policy must be rendered by the court prior to any discovery of Allstate's claim handling policies and procedures.[1] In addition, Allstate contends its claims handling information constitutes work product and trade secrets. In the event the court permits discovery of its claim handling materials, Allstate requests that the discovery be limited to the time frame when Allstate was providing a defense to Defendants and restricted to Allstate's claims handling materials relating to bodily injury liability claims.

The court has previously ruled that discovery related to Allstate's defense and evaluation of the underlying tort action against Defendants during the time of Fowler and White's representation of Defendants is relevant to Defendant's claim of inadequate defense (Dkt. 130). Defendant has demonstrated good cause to compel Allstate to produce claims handling materials in response to Defendant's Request No. 1. Allstate's manuals, policies, procedures, and handbooks regarding the drafting and serving of reservation of rights to its insured and the procedures for defending cases under reservations of rights are within the scope of discovery as to Defendant's claim of inadequate defense. See JMIC Life Ins. Co. v. Henry, 922 So. 2d 998, 1001 (Fla. 5th DCA 2005). However, Defendant's discovery request is overly broad in time frame and type of claims handling materials

---

[1] Allstate notes that Defendant reiterates the same arguments set forth in its motion to compel Allstate's claim file material (Dkt. 54). Consequently, Allstate incorporates by reference its opposition to Defendant's motion to compel Allstate's claim file (Dkt. 61).

sought. Therefore, Defendant's document request is limited to Allstate's claims handling materials from August 31, 2005 to August 21, 2008 (the time period Fowler White provided a defense of the underlying claim to Defendants) and restricted to claims handling materials concerning bodily injury liability claims.

The party asserting the work-product privilege bears the burden of demonstrating its applicability. Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla. 1990). Claims handling policies, procedures, and manuals do not constitute work product when created in the ordinary course of business. Id. at 203. Allstate fails to offer any specific evidentiary proof that its general claims handling materials are covered by the work-product privilege and not prepared in the ordinary and routine course of an insurer's business of claims handling.

There is no merit to Allstate's argument that its claims handling materials constitute trade secrets. Under Florida law, a trade secret is defined as " a formula, pattern, compilation, program, device, method technique, or process" that derives actual or potential independent economic value "from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" when it is the subject of reasonable efforts under the circumstances to maintain its secrecy. Fla. Stat. § 688.002(4). The trade secret privilege does not protect Allstate's claims manuals or guidelines from discovery because Defendant does not gain any competitive advantage over Allstate as a result of obtaining claims handling materials during discovery. See Auto Owners Ins. Co., 135 F.R.D. at 203.

However, the production of Allstate's claims handling materials may, if the parties agree, be subject to a stipulated protective order governing discovery material which complies with Local Rule 1.09, M.D. Fla.. See also In re Alexander Grant & Co., 820 F.2d 352, 355 (11th Cir. 1987),

aff'g 629 F. Supp. 593, 597 (S.D. Fla. 1986).

Any information ordered to be produced shall be provided within twenty days.

Accordingly, and upon consideration, it is **ORDERED** that:

(1)  Defendant's **Motion to Compel Production as to Defendant's Third Request to Produce** (Dkt. 87) is **GRANTED IN PART**.

**DONE AND ORDERED** in Tampa, Florida on this 26th day of January, 2010.

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge