UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLSTATE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                       CASE NO. 8:08-CV-2253-T-33EAJ

**ROBERT M. LEVESQUE, et al.,**

    **Defendants.**
_____/

## ORDER

Before the court are Defendant's **Motion to Compel Response to Questions Asked During the Deposition of James Doto** (Dkt. 102) and Plaintiff's **Response in Opposition to Defendant's Motion to Compel Responses to Questions Asked During the Deposition of James Doto** (Dkt. 124).

On December 17, 2009, Defendant Andrew's Florist on 4th Street, Inc. ("Andrew's Florist") took the deposition of Allstate's claims adjustor, James Doto ("Doto"). Doto is the claims adjustor appointed by Allstate to handle the defense of Levesque's claim against the insured.[1] During the deposition, Defendant's counsel asked questions regarding Allstate's claims handling practices and Allstate's handling of the defense of Levesque's claim on behalf of the insured in the underlying action. Allstate objected to these questions asserting relevance, work product privilege, attorney-client privilege, and trade secrets.

In its motion, Defendant asserts that the questions posed to Doto are relevant to its claim of inadequate defense and incorporates by reference the arguments raised in its motion to compel

---

[1] The factual background of this case has been discussed in an earlier order.

production of Allstate's claim file.  Defendant seeks an order compelling Doto to answer questions concerning: (1) his training, employment duties, and prior experience in claims handling, (2) his past experience with consent judgments where the insured assigns their rights against Allstate to the plaintiff, (3) Allstate's general claims handling practices, (4) his communications with Fowler White regarding the defense of the underlying claim, including his opinions and mental impressions shared with Fowler White, and (5) his actions in handling and investigating Levesque's claim. Defendant requests that the court award it attorney's fees associated with filing its motion.

Allstate argues that deposition questions relating to Doto's background in claims handling, Allstate's claim file, and Allstate's claims handling information are not relevant until the court renders a decision on coverage.  As such, Allstate incorporates by reference its oppositions to Defendant's motions to compel Allstate's claim file and claims handling information (Dkts. 61, 116).  Allstate also objects to Defendant's questions concerning its claim file and claims handling materials on the basis of the work product doctrine and trade secrets.

The court has previously held that discovery related to Allstate's defense and evaluation of the underlying tort action against Defendants during the time of Fowler White's representation of Defendants is relevant to Defendants' claim of inadequate defense (Dkt. 130).  Additionally, the court has held in ruling on another motion that Allstate's claims handling information relating to bodily injury liability claims during the time of Fowler White's representation of Defendants is relevant to Defendants' inadequate defense claim.  There is no merit to Allstate's relevancy objections to Defendant's question concerning Doto's background and training in claims handling, Allstate's general claims handling practices related to the underlying claim, Doto's communications with Fowler White regarding the defense of the underlying claim, and Doto's actions in handling

2

and investigating Levesque's claim. These issues are relevant to Defendant's claim of inadequate defense. Further, Allstate has failed to establish that the work product doctrine or trade secrets preclude Doto's testimony. Accordingly, Defendant has demonstrated good cause to compel Doto to answer questions concerning these issues.

In reference to Doto's past experience with consent judgments where the insured assigns their rights against Allstate to the plaintiff, Doto answered the question. Doto responded that he did not recall his prior experience with this type of consent judgment. As such, there is no need to compel a response from Doto.

Defendant's request for sanctions is denied, subject to reconsideration if circumstances so warrant.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) Defendant's **Motion to Compel Response to Questions Asked During the Deposition of James Doto and Request for Sanctions** (Dkt. 102) is **GRANTED IN PART**.

**DONE AND ORDERED** in Tampa, Florida on this 26th day of January, 2010.

ELIZABETH A JENKINS
United States Magistrate Judge