UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLSTATE INSURANCE COMPANY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　CASE NO. 8:08-CV-2253-T-33EAJ

**ROBERT M. LEVESQUE, et al.,**

    **Defendants.**

_____/

## ORDER

Before the court are Defendant's **Motion to Compel Response to Questions Asked During the Deposition of Suzanne Bloom and Request for Sanctions** (Dkt. 98) and Plaintiff's **Motion to Strike as Untimely or, in the Alternative Response in Opposition to Defendant's Motion to Compel Certain Deposition Testimony of Suzanne Bloom** (Dkt. 117).[1]

On December 16, 2009, Defendant Andrew's Florist on 4th Street, Inc. ("Andrew's Florist") deposed Allstate's claims adjustor, Suzanne Bloom ("Bloom"). During the deposition, Defendant's counsel asked Bloom questions regarding Allstate's claims handling practices and handling of the underlying claim against Defendants.[2] Allstate objected to these questions asserting relevance, work product privilege, attorney-client privilege, and trade secrets.

In its motion, Defendant asserts that the questions posed to Bloom are relevant to its claim of inadequate defense and incorporates by reference the arguments raised in its motion to compel

------

[1] The court granted Defendant's motion for enlargement of time to file this motion (Dkt. 129). Thus, Allstate's motion to strike is denied as moot.

[2] The factual background of this case has been discussed in an earlier order.

production of Allstate's claim file. Defendant seeks an order compelling Bloom to answer questions concerning: (1) her training in claims handling, (2) her understanding of her duties and responsibilities as a claims adjustor, (3) Allstate's general claims handling practices, (4) Bloom's communications and correspondence during her handling of the underlying claim, and, (6) Allstate's denial of coverage. Defendant requests that the court award it attorney's fees associated with filing this motion.

Allstate argues that deposition questions relating to Bloom's training and responsibilities, Allstate's claim file, and Allstate's claims handling materials are not relevant until the court renders a decision on coverage. As such, Allstate incorporates by reference its opposition to Defendant's motion to compel Allstate's claim file and claims handling information (Dkts. 61, 116). Because Bloom handled the coverage portion of the underlying claim, Allstate contends that it properly objected to Defendant's questions on the grounds of work product, the attorney-client privilege, and trade secrets.

The court has previously held that discovery related to Allstate's defense and evaluation of the underlying tort action against Defendants during the time of Fowler White's representation of Defendants is relevant to Defendants' claim of inadequate defense (Dkt. 130). Additionally, the court has ruled that Allstate's claim handling materials regarding the drafting and serving of reservation of rights to its insured and the procedures for defending cases under reservations of rights, limited by time frame and type of claim, are relevant to Defendants' claim of inadequate defense (Dkt. 132).

    A.    <u>Questions Relating to Job Training, Duties, and General Claims Handling Practices</u>

Questions regarding Bloom's training in claims handling and her understanding of her duties

2

and responsibilities as a claims adjustor are relevant to Bloom's role in Allstate's defense of the underlying claim during the time of Fowler White's representation. In reference to Allstate's general claims handling policy, Defendant's counsel asked Bloom whether it was Allstate's general policy "that if the file is divided, that the person handling the coverage question does not have access to the court claim file?" (Dkt. 99 at p. 85-86.) Defendant's counsel also asked Bloom about her practice of keeping records of communications with outside parties in connection with a claim. Defendant's counsel clarified that he was not asking Bloom about any actions taken in anticipation of litigation. These inquiries are relevant to Bloom's role in the defense of the underlying claim. Defendant is not seeking the disclosure of work product or attorney-client privilege. Additionally, Allstate fails to establish that trade secrets preclude Bloom from answering questions related to her role in defending the underlying claim. Thus, Defendant has demonstrated good cause to compel Bloom to answer these questions.

      B.      <u>Questions Concerning Communications with Counsel</u>

With respect to Bloom's communications with counsel, Defendant may question Bloom regarding her communications with Fowler White pertaining to the defense of Defendants during the time that Fowler White represented Defendants in the underlying claim. In reference to communications Bloom had with in-house counsel and other retained counsel regarding the handling of the Levesque's claim, Defendant contends it is simply seeking the name of the counsel, not the substance of any legal advice Bloom received. Bloom may disclose the names of the counsel she communicated with during the time that Fowler White represented Defendants without waiving the attorney-client privilege. <u>See</u> <u>Lee v. Progressive Express Ins. Co.</u>, 909 So. 2d 475, 477 (Fla. 4th DCA 2005) (no waive of attorney-client privilege when deponent gave limited responses regarding

consultation with attorney and did not disclose the substance of any communications).

  C. <u>Questions Concerning Communications with James Doto</u>

Defendant also seeks to question Bloom regarding her communications with James Doto ("Doto"), the Allstate claims adjustor handling the defense of the underlying claim. Discussions between Bloom and Doto pertaining to Allstate's communication with Fowler White regarding the defense of Defendants and the legal work or performance by Fowler White during the time that Fowler White represented Defendants are relevant to Defendant's inadequate defense claim. Similarly, discussions between Bloom and Doto regarding communications and correspondence between Allstate and Defendants, the Levesques and Richard Cecchini relating to the defense of the underlying claim against Defendants during the time that Fowler White represented Defendants are relevant and discoverable.

  D. <u>Questions Regarding Communications with Defendants and the Levesques</u>

Defendant's counsel asked Bloom whether she ever advised Defendants that Defendants had the right to participate in the selection of the attorney defending them against the claim filed by the Levesques. Bloom responded that she did not recall her conversations with Defendants. Thus, there is no need to compel a response from Bloom.

Defendant's counsel also asked Bloom whether anyone from Allstate ever advised Defendants that Defendants had the right to participate in the selection of the attorney defending them against the claim filed by the Levesques. Allstate argues that this inquiry is irrelevant until the court resolves the coverage issue. There is no merit to Allstate's relevancy objection because the question relates to Defendant's claim of inadequate defense. However, the substance of communications between Bloom and in-house counsel is protected by the attorney-client privilege.

4

As to Bloom's communications with the Levesques, Defendant's counsel asked Bloom if she made notes about her discussions with Robert Levesque. Allstate objected on the grounds of relevancy and attorney-client privilege. In a prior order, the court directed Allstate to produce all correspondence or communications between Allstate and the Levesques relating to the defense of the underlying tort claim against Defendants during the time that Fowler White represented Defendants. To the extent that Bloom took notes of her conversations with Mr. Levesque regarding Allstate's defense of the underlying claim, the question is relevant and Bloom shall respond to the question.

E. Questions Concerning Issues of Coverage

Defendant seeks to ask Bloom about her communications with Defendants and the Levesques regarding Allstate's coverage determination, the factual basis for Allstate's coverage decision, and whether Allstate committed fraud in denying the underlying claim. Specifically, Defendant asked Bloom questions about Allstate's coverage determination set forth in a June 20, 2007 letter from Bloom to Defendant Andrew Michaels. Defendant argues that because there is a coverage dispute between the parties and the insurer's handling of the underlying claim is at issue, discovery on the issue of coverage is permissible. However, Defendant fails to demonstrate that Allstate's determination on coverage is relevant to Defendant's claim of inadequate defense. Moreover, to the extent that Allstate's coverage determination involves documents and communications prepared in the anticipation of litigation, this discovery is protected by the work product doctrine.

Defendant's request for sanctions is denied, subject to reconsideration if circumstances so warrant.

Accordingly, and upon consideration, it is **ORDERED** that:

5

(1) **Motion to Compel Response to Questions Asked During the Deposition of Suzanne Bloom and Request for Sanctions** (Dkt. 98) is **GRANTED IN PART**.

**DONE AND ORDERED** in Tampa, Florida on this 1st day of February, 2010.

_____
ELIZABETH A JENKINS
United States Magistrate Judge