UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLSTATE INSURANCE COMPANY,**

    Plaintiff,

v.                                      CASE NO. 8:08-CV-2253-T-33EAJ

**ROBERT M. LEVESQUE, et al.,**

    Defendants.
_____/

## ORDER

Before the court are Defendant's **Motion to Compel Responses to Questions Asked During the Deposition of Linda Murphy and Request for Sanctions** (Dkt. 105) and Plaintiff's **Motion to Strike as Untimely or, in the Alternative Response in Opposition to Defendant's Motion to Compel Certain Deposition Testimony of Linda Murphy** (Dkt. 125).[1]

On December 17, 2009, Defendant Andrew's Florist on 4th Street, Inc. ("Andrew's Florist") deposed Allstate's claims adjustor, Linda Murphy ("Murphy"). During the deposition, Defendant's counsel asked Murphy questions regarding Allstate's claims handling practices and handling of the underlying claim against Defendants. Allstate objected to these questions on various grounds.

In its motion, Defendant asserts that Allstate improperly objected to 126 questions asked during Murphy's deposition. Defendant seeks an order compelling Murphy to answer questions concerning: (1) her training and experience in claims handling, (2) her understanding of her duties and responsibilities as a claims adjustor, (3) Allstate's general claims handling practices, (4) her

---

[1] The court granted Defendant's motion for enlargement of time to file this motion (Dkt. 129). Thus, Allstate's motion to strike is denied as moot.

preparation for her deposition and the existence of documents responsive to the subpoena duces tecum, (5) the identify of potential witnesses, (6) Murphy's communications and correspondence during her handling of the underlying claim, and (7) Allstate's denial of coverage. Defendant requests that the court award it attorney's fees associated with filing this motion.

Allstate argues that deposition questions relating to Allstate's claim file, claims handling materials, and Murphy's handling of the underlying claim are not relevant until the court renders a decision on coverage. Allstate incorporates by reference its prior motions opposing Defendant's discovery in this case (Dkts. 61, 83, 116). Because Murphy handled the coverage portion of the underlying claim, Allstate contends that it properly objected to Defendant's questions on the grounds of relevancy, the work product doctrine, the attorney-client privilege, and trade secrets.

The court has previously held that discovery requests related to Defendant's claim of inadequate defense are relevant and discoverable (Dkts. 130, 132). Additionally, the court granted-in-part Defendant's motions to compel responses to questions posed to other Allstate claims adjustors relating to the defense of Defendants during the time that Fowler White represented Defendants in the underlying claim (Dkts. 133, 136 ).

A.    Questions Relating to Job Training, Duties, and Claims Handling Practices

Questions regarding Murphy's training in claims handling, her responsibilities as a claims adjustor, and her experience in claims handling are relevant to Murphy's role in Allstate's defense of the underlying claim during the time of Fowler White's representation. Defendant's counsel asked Murphy whether the claim file was split between Allstate adjustors, whether she had access to the liability part of the claim file, and the roles of the adjustors working on the underlying claim. Defendant's counsel also asked Murphy whether she made written or electronic notes when

2

communicating with individuals during her work on the underlying claim. Defendant asserts it is not seeking the disclosure of work product or attorney-client privilege. These inquiries are relevant to Murphy's role in the defense of the underlying claim during the time that Fowler White represented Defendants. Further, Allstate fails to establish that trade secrets preclude Murphy from answering these questions. Thus, Defendant has demonstrated good cause to compel Murphy to answer Defendant's questions.

B.  Questions Relating to Murphy's Deposition Preparation and Subpoena

Defendant questioned Murphy about what documents she reviewed in preparation for her deposition and whether Murphy took any action on her own to refresh her recollection in preparation for her deposition. Allstate objected to the questions on the ground of attorney-client privilege.

Defendant contends it is not seeking the disclosure of any attorney-client communications. In its response, Allstate asserts that, to the extent that Allstate's claim files and claim handling information are discoverable, Allstate withdraws its objection to these questions. Accordingly, Defendant may question Murphy regarding her deposition preparation consistent with the court's prior rulings.

Defendant asked Murphy whether there were documents in her possession, custody, or control that were responsive to her subpoena duces tecum. Defendant asserts it is seeking information regarding the existence of documents, not the disclosure of information that is privileged or prepared in anticipation of litigation. As such, there is no merit to Allstate's objection based on the ground of the work product doctrine. Thus, Defendant has shown good cause to compel Murphy to answer this inquiry.

C. Questions Seeking Identity of Potential Witnesses

During her deposition, Murphy was asked whether she knew the identity of the person at Allstate who was involved in the settlement negotiations of the underlying claim and whose responsibility it was to decide whether or not to extend a settlement offer. Allstate objected on the ground of the work product doctrine. Defendant is seeking the identity of the witnesses, not the disclosure of protected information. These inquiries are relevant to the extent that they relate to Murphy's knowledge of the defense of the underlying claim during the time that Fowler White represented Defendants.

D. Questions Concerning Communications with Counsel

With respect to Murphy's communications with counsel, Defendant may question Murphy regarding her communications with Fowler White pertaining to the defense of Defendants during the time that Fowler White represented Defendants in the underlying claim. In reference to communications Murphy had with in-house counsel and other retained counsel regarding the handling of the Levesque's claim, Defendant contends it is simply seeking the name of the counsel, not the substance of any legal advice. Murphy may disclose the names of the counsel she communicated with during the time that Fowler White represented Defendants without waiving the attorney-client privilege.

E. Questions Concerning Communications with James Doto

Defendant also seeks to question Murphy regarding her communications with James Doto ("Doto"), the Allstate claims adjustor who handled the defense of the underlying claim. Discussions between Murphy and Doto pertaining to Allstate's communication with Fowler White regarding the defense of Defendants and the legal work or performance by Fowler White during the time that

Fowler White represented Defendants are relevant to Defendant's inadequate defense claim. Similarly, discussions between Murphy and Doto regarding communications and correspondence between Allstate and Defendants, the Levesques and Richard Cecchini relating to the defense of the underlying claim against Defendants during the time that Fowler White represented Defendants are relevant and discoverable.

Murphy testified that she communicated with Doto regarding her handling of the coverage portion of the claim file. Specifically, Murphy stated, "If [Doto] asked me what the status of the investigation was, I would tell him" (Dkt. 106 at 37). In follow-up questions, Defendant asked Murphy if she ever shared any of the data in the coverage claim file with Doto and whether Doto ever told her why he wanted to know the status of the coverage issues. Defendant also asked Murphy whether Doto ever shared any of the notes or reports from the liability claim file with her. Allstate objected on the ground of work product doctrine. Defendant's questions are relevant to Murphy's and Doto's role in the defense of the underlying claim during the time that Fowler White represented Defendants. Accordingly, Murphy shall respond to these questions.

  F. <u>Questions Concerning Issues of Coverage</u>

Defendant seeks to ask Murphy about her communications with Defendants regarding Allstate's coverage determination, including the factual basis and investigation pertaining to Allstate's coverage decision as well as Allstate's correspondence with Defendant Andrew Michaels regarding the coverage determination. Defendant contends that Murphy waived any claim of privilege by testifying about the coverage determination in her deposition.

Upon review of Murphy's testimony, Murphy provided only general responses regarding Allstate's investigation and determination of coverage issues. Murphy did not divulge the

5

substance of her communications with counsel or disclose information protected by the work product doctrine. In response to Defendant's question about Allstate's coverage defense, Murphy replied that based on the information that Allstate had secured, there was no coverage (Dkt. 106 at 123). Murphy added that "I won't go intjo details" regarding the coverage decision (<u>Id</u>.). Thus, Defendant has failed to demonstrate good cause to compel responses to questions about Murphy's communications with Defendants regarding Allstate's coverage determination.

Defendant's request for sanctions is denied, subject to reconsideration if circumstances so warrant.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) Defendant's **Motion to Compel Responses to Questions Asked During the Deposition of Linda Murphy and Request for Sanctions** (Dkt. 105) is **GRANTED IN PART**.

**DONE AND ORDERED** in Tampa, Florida on this 5th day of February, 2010.

ELIZABETH A JENKINS
United States Magistrate Judge