**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.                            CASE NO: 8:08-cv-2253-T-33EAJ

ESTATE OF ROBERT M. LEVESQUE,
Deceased, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff's Motion to Strike Affirmative Defenses (Doc. # 126). Defendant Andrew's Florist on 4th Street, Inc. filed a Response in Opposition thereto (Doc. # 140).

## I. Background

In its complaint for declaratory judgment, Plaintiff seeks to have this Court declare that: (1) Plaintiff has no duty to indemnify Andrew's Florist for any portion of the final judgment entered on September 19, 2008, in favor of Robert and Dolores Levesque against Andrew's Florist in the amount of $16,513,503; and (2) the settlement between Robert and Dolores Levesque and Andrew's Florist that gave rise to the final judgment was done without consent and is unenforceable against Plaintiff under Florida law.

In response, Defendant asserted affirmative defenses, including its third affirmative defense, which states that:

> Without admitting any breach of duty, ALLSTATE is estopped from asserting any right to demand prior consent to any settlement agreement due to it reserving its right to deny coverage and its failure to provide an adequate defense.

In the instant motion, Plaintiff requests that the Court strike Defendant's third affirmative defense.[1]

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683

---

[1] Although Plaintiff's motion seeks to strike Andrew's Florist's third and fourth affirmative defenses, Andrew's Florist voluntarily withdrew its fourth affirmative defense on January 25, 2010 (Doc. # 128).

2

(M.D. Fla. 2002)(quoting <u>Anchor Hocking Corp. v. Jacksonville Elec. Auth.</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." <u>Id.</u> "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

> 'Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.' 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (2d ed. 1990). '[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.... Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party.' <u>Id.</u>

<u>Harvey v. Lake Buena Vista Resort, LLC</u>, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008).

### III. Motion to Strike

Plaintiff moves to strike Defendant's third affirmative defense as insufficient as a matter of law. The Court finds, however, that Defendant's third affirmative defense places Plaintiff on notice as to the nature of the defense (estoppel) and the basis for the claim (Plaintiff's actions in regard to denying coverage and failing to provide an adequate defense). In addition, the Court finds that there is no prejudice to Plaintiff by allowing the defense to remain as pled.

### IV. Conclusion

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Strike Affirmative Defenses (Doc. # 126) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of July, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record