**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.                          Case No. 8:08-cv-2253-T-33EAJ

ESTATE OF ROBERT M. LEVESQUE,
Deceased, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Allstate Insurance Company's ("Allstate") Motion for Judicial Notice (Doc. # 88), which was filed on December 24, 2009. Defendants have failed to file a response in opposition to this motion.

Allstate requests that this Court takes judicial notice, pursuant to Federal Rule of Evidence § 201, of three state court orders and six certified records filed with the Florida Department of State Division of Corporations (the "Division of Corporations"). Specifically, Allstate requests that this Court judicially notice the following state cases filed in the Sixth Judicial Circuit, in and for Pinellas County, Florida: (1) the tort suit underlying this case, <u>Levesque v. Andrews Florist et al</u>; (2) the declaratory

1

judgment action filed by Safeco Insurance Company, <u>American Economy v. Levesque</u>, Case No. 07004542; (3) the declaratory judgment action filed by Allstate, <u>Allstate Insurance Company v. Levesque</u>, Case No. 08007449. Also, Allstate requests that this Court judicially notice certified copies of records on file with the Division of Corporations related to the following Florida corporations: (1) ANDREWS FLORIST ON 4TH STREET, INC. P03000124590; (2) ANDREWS ON 4TH STREET II, INC. P07000099870; (3) PURE GOLD AUTO SALES, INC. P97000075705; (4) ANDREWS ON 4TH STREET, INC. P98000017812; (5) FLOWERS BY WIRE, INC. P98000090512; (6) ANDREW'S FLOWER SERVICE, INC. P93000083527.[1]

The Court finds that for the reasons discussed below the motion is due to be granted.

**Judicial Notice of the State Court Cases**

In <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994), the Eleventh Circuit held that related state court files could be judicially noticed, albeit for limited purposes. The limit imposed by the Court in <u>Jones</u> is based on Rule 201's requirement of

---

[1] The above document numbers following each named corporation refer to the specific document filed with the Division of Corporations. Moreover, these documents are public records and can be accessed online by visiting the Division of Corporations document search website at http://www.sunbiz.org/corichr.html, and typing into the search box the document number and selecting the "Search Now" button.

allowing judicial notice of indisputable facts.[2] Jones 29 F.3d at 1553 (citing Fed. R. Evid. 201(b)). "If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." Id. (citations omitted). Therefore, the Jones Court held that judicial notice of related court cases can only be taken for two limited purposes: to recognize the judicial act that the order represents or the subject matter of the litigation. Id.; In re Delta Res., Inc., 54 F.3d 722, 725-26 (11th Cir. 1995); Johnson v. Clark, Case No.: 2:03-CV-490-FTM-33DNF, 2006 WL 289107, at *2 (M.D. Fla. Feb. 07, 2006). Following the rule set forth in Jones, this Court will judicially notice the state court cases requested by Allstate but only for the limited purposes of recognizing the judicial act that the case represents and/or the subject matter of that litigation.

**Judicial Notice of the Division of Corporations' Records**

Allstate also requests that this Court judicially notice several documents on file with the Division of Corporations. Such documents become public record once they are filed, as required by

---

[2] Fed. R. Evid. 201(b) provides: A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

law.[3] Defendants do not oppose Allstate's request for judicial notice of the certified documents on file with the Division of Corporations. While this Court has not found any Eleventh Circuit case regarding the propriety of judicially noticing documents filed with the Division of Corporations, case law from the Eleventh Circuit and other jurisdictions supports judicially noticing documents similar to those in question. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279 (11th Cir. 1999)(taking judicial notice of corporate documents required to be filed with the Securities and Exchange Commission); Greenwood v. Compucredit Corp., 617 F.Supp.2d 980, 983 (N.D. Cal. 2009)(taking judicial notice a corporation's recent annual registration filed with the Georgia Secretary of State); Grassmueck v. Barnett, 281 F.Supp.2d 1227, 1232 (W.D. Wash. 2003)(taking judicial notice of a company's articles of incorporation and certified public records kept by the Secretaries of State in Washington and Delaware). Yet, the notice of such documents is not absolute. The courts in both Bryant and

---

[3]The types of documents on file with the Division of Corporations include, but are not limited to, the Articles of Incorporation and Designation of Acceptance of Registered Agent (Document P030000124590 at 3-8), Articles of Incorporation (Document P03000124590 at 1), and Annual Corporate Report (Document P93000083527). These types of documents are required to be filed with the Division of Corporations under the following statutes: Certificate Designating Place of Business, FLA. STAT. § 48.091 (1976); Annual Corporate Report, FLA. STAT. §§ 607.0502, .1508, &.0505 (1997, 1997, & 2009); Certificate of Designation of Registered Agent or Office, FLA. STAT. 607.0501 (2009).

4

Greenwood limited judicial notice of the requested documents only to the extent of what the documents stated, not to prove the truth of their contents. Bryant, 187 F.3d at 1278 n.10; Greenwood, 617 F.Supp.2d at 983 n.1. Similarly, this Court will notice the requested documents from the Division of Corporations to the limited extent of noticing what is stated in the documents, not to establish as true the facts stated therein.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Allstate's Motion for Judicial Notice (Doc. # 88) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of July, 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record