UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALLSTATE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                                                  Case No.: 8:08-CV-2253-T-EAJ

**ANDREWS FLORIST ON 4TH STREET, INC.,
ESTATE OF ROBERT M. LEVESQUE, and
DOLORES LEVESQUE,**

    **Defendants.**
_____/

## MEMORANDUM OPINION

### Background

While delivering flowers for Andrews Florist, Richard Cecchini ("Cecchini") was involved in an automobile accident with Robert Levesque ("Mr. Levesque"), who suffered serious injuries.[1] At the time of the accident, Allstate insured Andrews Florist on 4th Street, Inc. ("Andrews Florist") under a commercial automobile policy. Seeking to recovery for their injuries, Mr. Levesque and his wife ("Levesques") sued Andrews Florist and its owners in state court (the "underlying tort suit"). That suit was resolved by a Coblentz agreement and stipulated consent judgment.[2] Allstate filed the present action seeking a declaratory judgment that it has no duty to indemnify Andrews Florist

---

[1] The parties have stipulated that Cecchini was at fault in the accident and that Mr. Levesque's injuries were the result of Cecchini's negligence.

[2] The term "Coblentz agreement" stems from the case Coblentz v. Am. Sur. Co. of N.Y., 416 F.2d 1059 (5th Cir. 1969). See Perera v. U.S. Fid. and Guar. Co., 35 So. 3d 893, 900 (Fla. 2010). In a Coblentz agreement, the underlying tort plaintiff releases the insureds from liability in exchange for the insured's right to indemnity from the insurer. Florida courts will uphold a Coblentz agreement provided that there is coverage, the insurer wrongfully refused to defend the underlying suit, and the agreement is reasonable and entered in good faith. Chomat v. N. Ins. Co. of N.Y., 919 So. 2d 535, 537 (Fla. 3d DCA 2006).

for the consent judgment.

## **Coverage**

In the weeks before trial, Allstate sought judgment as a matter of law pursuant to Rule 50, Fed. R. Civ. P., that the policy does not cover the accident.[3] Because the motion was filed before trial began, it was premature. See McSherry v. City of Long Beach, 423 F.3d 1015, 1022 (9th Cir. 2005). Nonetheless, the court heard oral argument on January 26, 2011, and, finding no genuine issue of material fact as to coverage, held that the policy covers the accident in question. Allstate subsequently renewed the motion at trial, and the parties have been fully heard on the coverage issue. For the reasons stated below, the court denies the motion and reaffirms that the policy covers the accident in question.

Allstate maintains that the policy does not cover the accident in question because: (1) Cecchini is not an "insured;" (2) the policy excludes coverage for contractually assumed liability; and (3) the consent judgment did not establish Andrews Florist's legal liability for Cecchini's actions.[4] Andrews Florist responds that the policy covers any automobile accident for which the insured is liable, regardless of the ownership of the auto or the driver's relationship to the insured.

Determining whether coverage exists is a matter of policy construction, an issue of law for the court. Wheeler v. Wheeler, Erwin & Fountain, P.A., 964 So. 2d 745, 749 (Fla. 1st DCA 2007). The policy was entered into in Florida, so Florida law governs its construction. Trans Caribbean Lines, Inc. v. Tracor Marine, Inc., 748 F.2d 568, 570 (11th Cir. 1984). "[I]n construing insurance

---

[3] Allstate's motion and reply (Dkts. 211, 242) and Andrews Florist's response (Dkt. 237) have been fully considered.

[4] Because the coverage issue can be determined as a matter of law, the court need not reach Allstate's argument that the parties are estopped from litigating factual issues related to coverage.

policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). "[I]f the terms of an insurance contract are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning." Key v. Allstate Ins. Co., 90 F.3d 1546, 1548-49 (11th Cir. 1996). If the terms are ambiguous, a court may look beyond the contractual language to discern the intent of the parties in entering the agreement. Id. Ambiguities in an insurance contract are generally construed in favor of coverage. Id.

1.  **Andrews Florist's Legal Liability**

The Liability Coverage section of the policy states that Allstate will "pay all sums an 'insured' legally must pay as damages . . . caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'" (Dkt. 37 Ex. 1 at 48). Focusing on the phrase "legally must pay," Allstate argues that there is no legal liability, and thus no coverage, for the accident because there was no adjudication in the underlying tort suit that conclusively established Andrews Florist's liability for Cecchini's actions.

A Coblentz agreement precludes litigation of liability issues in a subsequent action determining coverage. See, e.g., Jones v. Fla. Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 450 (Fla. 2005); Ahern v. Odyssey Re (London) Ltd., 788 So. 2d 369, 373 (Fla. 4th DCA 2001). Consequently, Andrews Florist's legal liability for the accident is established in this matter.

2.  **Coverage Does Not Depend on Vehicle Ownership**

The policy's "Declarations" page defines a "covered auto," for purposes of liability coverage, by reference to code "01" (Dkt. 37 Ex. 1 at 3). Unlike other codes in the policy conditioning coverage on vehicle ownership, code "01" designates coverage for "any auto" (Dkt. 37 Ex. 1 at 47).

Vehicle ownership is irrelevant when a policy covers "any auto." Jones, 908 So. 2d at 450; see also Hannover Ins. Co. v. Dolly Trans Freight, Inc., No. 6:05-CV-576-ORL-19DAB, 2006 WL 3842206, at *5-*6 (M.D. Fla. Dec. 18, 2006). Thus, the policy covers the auto Cecchini was driving regardless of who owned it.[5]

### 3. Coverage Does Not Depend on Cecchini's Employment Status

The policy states that Allstate will pay damages "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'" (Dkt. 37 Ex. 1 at 48) (emphasis added). The policy does not limit coverage to the insured's ownership, maintenance, or use of a covered auto.

Allstate argues that extending coverage regardless of who owns, maintains, or uses a covered auto would be absurd. According to Allstate, if the policy is read as a whole, it is clear that the article adjective "the" refers to a specific, particular ownership, maintenance, or use contemplated by the agreement – i.e., ownership, maintenance, or use of a covered auto by the insured.

Despite its common sense appeal, Allstate's position conflicts with Florida law providing that the policy language at issue provides coverage whether or not the insured owns, maintains, or uses an auto involved in an accident. Compare Brown v. Champeau, 537 So. 2d 1120, 1122 (Fla. 5th DCA 1989) (en banc) (finding that under similar policy language, coverage extended to the insured's minor son because the policy did not condition coverage on use by a particular driver), with State Farm Mut. Auto. Ins. Co. v. Swetokos, 566 So. 2d 901, 902-03 (Fla. 4th DCA 1990) (finding that coverage did not extend to the insured's minor son because the policy restricted coverage to "the use, by an insured" and distinguishing Brown by noting that the policy in Brown did not condition coverage on

---

[5] Section A.1.a of the policy's Liability Coverage section defines an "Insured" as "[y]ou for any covered 'auto.'" Allstate does not rely on section A.1.b; in any event, that section is inapplicable for the reasons stated by Andrews Florist in its response.

use by a particular driver).

Further, Andrews Florist assumed legal liability for the Levesques' damages as a result of the Coblentz agreement and consent judgment. That judgment is enforceable against Allstate - which was not a party to the settlement - only if the agreement was reasonable and entered into in good faith and Allstate wrongfully refused to defend Andrews Florist in the underlying suit. See Chomat v. N. Ins. Co. of N.Y., 919 So. 2d 535, 537 (Fla. 3d DCA 2006). Accordingly, coverage exists under Allstate's policy for the damages caused by Andrews Florist's driver, Cecchini, who was operating his vehicle when he collided with Mr. Levesque's motorcycle, absent any applicable policy exclusion.

**4.     Assumed Contractual Liability Exclusion**

The policy excludes coverage for "[l]iability assumed under contract or agreement" (Dkt. 37 Ex. 1 at 49). Allstate contends that coverage is excluded, even if Cecchini was an independent contractor, if Andrews Florist assumed liability for Cecchini's actions under contract or agreement. Allstate also submits that coverage is excluded if Andrews Florist and Cecchini engaged in a joint venture. See Miami Dade Cnty. v. United States, 345 F. Supp. 2d 1319, 1351 (S.D. Fla. 2004). At the February 3, 2011 status conference, however, Allstate conceded that there was no evidence that Andrews Florist assumed liability for Cecchini's actions, through a joint venture or otherwise. Therefore, the assumed contractual liability exclusion does not operate to bar coverage.

**Remaining Issues in Declaratory Judgment Action**

The court denied the parties' cross-motions for summary judgment, finding genuine issues of fact remained as to, inter alia, whether: (1) Allstate breached its duty to provide an adequate defense during the underlying tort suit; and (2) the Coblentz agreement was reasonable and entered

into in good faith. During the jury trial which commenced February 7, 2011 and ended February 14, 2011, the jury returned a verdict finding that: (1) Allstate did not provide an adequate defense to Andrews Florist in the underlying state court action; (2) the amount of the settlement entered into between Andrews Florist and the Levesques was not unreasonable; (3) Andrews Florist did not enter into the settlement agreement with the Levesques in bad faith; and (4) Mrs. Levesque did enter into the settlement agreement in bad faith.

## Conclusion

As a matter of law, the policy provides coverage for the accident involving Andrews Florist's driver, Mr. Cecchini, and Mr. Levesque.[6]  The jury has resolved the remaining issues of fact. Therefore, a **DECLARATORY JUDGMENT** is entered that:

(1) The policy provided coverage for the accident involving Andrews Florist's driver, Mr. Cecchini, and Mr. Levesque.

(2) Allstate did not provide an adequate defense to Andrews Florist in the underlying state court action.

(3) The amount of the settlement entered into between Andrews Florist and the Levesques was not unreasonable.

---

[6] For the reasons previously stated, Allstate's **Motion for Judgment as a Matter of Law** (Dkt. 211) is **DENIED**.

(4)     Andrews Florist did not enter into the settlement agreement with the Levesques in bad faith.

(5)     Mrs. Levesque did enter into the settlement agreement in bad faith.

The Clerk is **DIRECTED** to enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on this 17th day of February, 2011.

_____
ELIZABETH A JENKINS
United States Magistrate Judge